### B. F. LEWTER v. J. H. LINDLEY.

Decided March 27, 1907.

**1.—Sequestration—Replevy—Judgment Against Sureties.**

A judgment against sureties on a replevy bond for sequestered property will be reversed where the record contains no writ of sequestration or bond, though issuance, levy and execution of the bond were alleged in the petition, and though the trial court, without their introduction in evidence, could have taken judicial notice of them and rendered judgment accordingly.

Appeal from the County Court of Tom Green County. Tried below before Hon. Milton Mayes.

*Brightman & Upton,* for appellant.

*J. C. Simmons,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—None of appellant's assignments of error point out reversible error except the seventh, which we sustain. That assignment is as follows: "The court erred in not setting aside that part of the judgment that finds a judgment against Austin Spencer and J. A. Corbin as sureties of defendant in his replevy bond, because there is no evidence to show that said property was ever replevied by the defendant, or that he ever entered into such bond." And the proposition thereunder is as follows: "There is no evidence in the record that defendant ever executed a replevy bond, or that J. A. Corbin and Austin Spencer ever signed such bond as sureties."

An examination of the record in this case discloses that there is nothing therein to show that the defendant ever replevied the property involved in this suit or executed any replevy bond therefor, except the allegation in appellee's petition to the effect that a writ of sequestration was issued and served, and that a replevy bond, with Austin Spencer and J. A. Corbin as sureties, was executed. We can not take the allegations in the petition as evidence of the issuance of a writ of sequestration and service thereof, and the execution of a replevy bond, especially as the certificate of the clerk to the transcript shows that it contains all the proceedings had in the case and the writ of sequestration and replevy bond are not embraced therein. If it is true that a writ of sequestration had been issued and served and a replevy bond had been executed by the defendant with sureties, these papers should appear in the transcript, as without them, it would not be a complete transcript of the proceedings had in the case; and if the writ and bond were among the papers of the

case at the time of the trial, the court below could have taken judicial notice of their existence and contents without their being introduced in evidence.

For the error indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*